UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES A. FERIK | ) CIVIL ACTION NO. 3:06CV1582 CFD | |
|     Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAW OFFICES OF HOWARD LEE SCHIFF PC | ) ) | |
|     Defendant | ) | DECEMBER 11, 2006 |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS

Defendant, Law Offices Howard Lee Schiff, P.C. [hereinafter, "HLS"], hereby submits the following Memorandum of Law in Support of its Motion to Dismiss plaintiff's Amended Complaint dated November 28, 2006 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

I. BACKGROUND

This is an action against the defendant-law firm purportedly alleging two counts:

(1) for an unspecified violation of the Fair Debt Collection Practices Act, 15 U.S.A. § 1692 [hereinafter, the "Fair Debt Act"]; Complaint ¶7 of First Count; and

(2) for multiple violations of the Connecticut Unfair Trade Practices Act, Conn.

Gen. Stat. §42-110a, *et seq.* ["CUTPA"], based upon the alleged violation of the Fair Debt Act in Count One; Complaint ¶s 9 and 10 of Second Count.

The sole charging allegation in this Complaint against defendant reads as follows:

> **Defendant communicated with plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to plaintiff's disputed personal debt.**

Complaint ¶6 of First Count [emphasis supplied]. This allegation suggests that the plaintiff violated the Fair Debt Act by merely communicating with plaintiff "or others" about the plaintiff's allegedly disputed "debt."[1]

Although not specifically alleged, plaintiff's claim appears to be based upon a telephone call by Mr. Ferik to HLS on September 14, 2006. At that time, Mr. Ferik indicated to HLS' representative that he disputed the debt and requested that HLS cease further communications with him. *See* attached **Exhibit A** [letter to James A. Ferik by the defendant-law with hand-written notes indicating that on September 14, 2006 at 4:35 p.m., Mr. Ferik "told them I want them to cease & desist communication & that I dispute this debt. They said 'ok' & hung up—witnesses—

---

[1] Although plaintiff claims that this debt is disputed, in the Small Claims action pending against Mr. Ferik, he has not answered or asserted any defenses. *See* **Exhibit E**, attached, Connecticut Judicial Branch Docket for *Capital One v. James Ferik,* Docket No. SCC-17218. The answer date in the Small Claims action was November 7, 2006—more than a month ago. Therefore, it would seem that a claim that this debt is "disputed," might not be genuine.

2

Mike & Tara"].[2]

As more fully set forth below, under the Fair Debt Act, HLS is required to cease and desist communication if a debtor requests in writing that the debt collector cease all communications. However, there is no requirement that the debt collector cease communications after *oral* notice from the debtor, as is the case here. Even if this Court were to generously construe the allegations of the plaintiff's Amended Complaint to include such a claim, the same could not constitute a valid cause of action under the Fair Debt Act.

HLS is not required to guess at the claims being asserted against it. Based upon these vague, ambiguous allegations, plaintiff claims that defendants are liable for violations of these statutes. Bald, legal conclusions, devoid of any factual support, cannot state any cause of action upon which relief may be granted.

II     STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion, this Court must only accept as true "well

---

[2]     "Mike" and "Tara" appear to be employees of plaintiff's counsel's firm, Thornberry & Forman, a law firm that regularly brings suits against creditors' rights firms for alleged violations of the Fair Debt Act. The plaintiff, James A. Ferik, is also an employee of Thornberry & Forman. **Exhibit B.** "Mike" refers to Michael Kennedy—a former Connecticut attorney who is no longer licensed to practice law in Connecticut.

It appears that Mr. Ferik called HLS on September 14, 2006, in the presence of his co-workers, to advise that he disputes the debt and request that HLS cease contacting him. Mr. Ferik now complains that—the very next day—the defendant law firm sent him a letter seeking to resolve the collection action by a settlement of 75% of the balance due. **Exhibit C.**

3

pleaded factual allegations" contained in the Complaint.  However, bald, conclusory statements cannot be treated as true.  *Flore v. Southern Peru Copper Corp.,* 406 F.3d 65, 69 (2D Cir. 2003); *Resnik v. Swartz,* 303 F.3d 147, 150-51 (2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991), *cert denied*., 503 U.S. 960, 112 S.Ct.112 S.Ct. 1561 (1992): *see also, Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957).

III     THE FAIR DEBT COLLECTION PRACTICES ACT

In 1977, Congress passed the Fair Debt Collection Practices Act for the purpose of eliminating abusive debt collection practices.  15 U.S.C. § 1692, *et seq.*  Attorneys at law who regularly practice in the area of consumer collection work are subject to the provisions of the Fair Debt Action, and must comply therewith.  *See Heintz v. Jenkins*, 514 U.S. 291 (1995).

There are three major regulatory parts to the Fair Debt Act.   First, debt collectors are required to furnish initial written disclosures to consumer-debtors. 15 U.S.C. § 1692g.  Second, the FDCPA limits communications that a debt collector may have with either the consumer-debtor [15 U.S.C. § 1692c] and third parties [15 U.S.C. § 1692b].  The third component addresses prohibited conduct by debt collectors.  Collectors may not engage in conduct that harasses or abuses a debtor [15 U.S.C. § 1692d]; may not use false or misleading statements on connection with the collection of debt [15 U.S.C. § 1692e]; and may not engage in unfair

collection practices [15 U.S.C. § 1692f].

If applicable here, 15 U.S.C. §1692c(c) provides:

Ceasing communication

If a consumer notifies a debt collector *in writing* that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except -

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

[emphasis added].

Here, Mr. Ferik did not give HLS written notice to cease and desist all communications. Clearly, oral notice to cease and desist does not constitute written notice because 1692c(c) could not be clearer that the notice from the consumer must be in writing.

Curiously, in his demand letter to HLS on September 25, 2006, plaintiff's counsel cites to *Camacho v. Bridgeport Finance, Inc.*, 430 F.3d 1078 (9th Cir. 2005) as authority for the claim that HLS violated the FDCPA. **Exhibit D** [Plaintiff's counsel's demand letter dated September 25, 2006 seeking the payment of

$3,000.00 if no agreement by 5:00 p.m. that same day].

However, *Camacho,* attached, involves 15 U.S.C. §1692g, not §1692c. In *Camacho,* the consumer claimed that the creditor violated §1692g because the validation notice required the consumer to dispute the debt in writing, and therefore, the creditor misrepresented the debtor's rights. Clearly, this case is simply inapplicable to this case at bar. HLS knows of no claim that the validation required notice of a dispute in writing. Indeed, plaintiff's counsel's demand letter indicates that the alleged violation by HLS was contacting Mr. Ferik after the oral notice to cease and desist communications. **Exhibit D.**

No authority supports a claim that an oral request to cease and desist communication is binding on the creditor, and any further contact with the debtor constitutes a violation of the Fair Debt At.

IV.     **CONNECTICUT UNFAIR TRADE PRACTICES ACT**

CUTPA, Conn. Gen. Stat. § 42-110a, prohibits persons engaged in business from engaging in an unfair method of competition and/or unfair or deceptive acts or practices in the conduct of any trade or commerce. The CUTPA claim here is a derivative claim—the violation of the Fair Debt Act allegedly constitutes a violation of §42-110a.

Because there is no legitimate cause of action alleged against HLS for a violation of the Fair Debt Act, the CUTPA claim necessarily fails.

V.   **PLAINTIFF'S COMPLAINT CONTAINS NOTHING BUT UNSUPPORTED LEGAL CONCLUSIONS.**

There are no factual allegations in this case that might even suggest that there is a legitimate cause of action against the defendant-law firm here.  The only factual allegation, that defendant "communicated with plaintiff or others…in connection with collection efforts with regard to plaintiff's disputed personal debt," does not constitute in and of itself any violation of the Fair Debt Act:

- A communication with the plaintiff about the disputed personal debt is not a violation of the Fair Debt Act where there has been **no written request**—only a telephone call from the plaintiff to defendant to cease and desist communications.  16 U.S.C. 1692c(c).  *See Shrestha v. Credit Adjustment Bureau,* 117 F. Supp. 142 (D. Conn. 2000)(recognizing that cease and desist communications must be in writing and actually request that the debt collector cease communications).

- There is no indication that any specific statute was violated.

- There are no factual allegations regarding any alleged "cease and desist" request.

- There are no facts alleged as to the contents of the alleged oral cease and desist notice.

- Nothing is alleged with respect to further communications by the defendant-law firm.

- The basis for any alleged dispute of the debt is unknown, and unasserted to date.[3]

---

[3]  Although plaintiff claims that he disputes this debt, he failed to answer the Small Claims suit, **Exhibit E,** and therefore, the grounds for his alleged dispute of the debt are completely unknown.  It is not likely that plaintiff has a legitimate dispute to this debt.

- There is no known communication with third parties about the disputed personal debt, and no facts have been alleged to support such an allegation.

The Complaint here is so hopeless vague, ambiguous and conclusory that HLS cannot respond to it without guessing at the plaintiff's intention or meaning, and the allegations surely do not provide defendant or this Court with adequate notice of the claims being asserted against the defendant-law firm.

The mere fact that there was a communication about a disputed personal debt does not amount to a violation of the Fair Debt Act.  Even if this Court assumes that plaintiff intends to allege a claim that defendant violated 15 U.S.C. §1692c, there are no facts—alleged or not alleged–to support such a claim here.

## VI        CONCLUSION

Plaintiff's conclusory Complaint falls far short of even the liberal notice pleadings requirements in Federal Court.  What few facts are actually alleged do not support a cause of action under either Federal or state law, and even if it is assumed that plaintiff is alleging a cause of action based upon an alleged violation of 16 U.S.C. §1692c(c), there is no legitimate cause of action against the defendant-law firm based upon this statute.

For these reasons, this Court must dismiss plaintiff's Complaint under Rule 12(b)(6).

DEFENDANT, LAW OFFICES HOWARD LEE SCHIFF PC


/s/_____
Jeanine M. Dumont, Ct05021
Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut 06108
Telephone (860) 528 9991
Fax (860) 528 7602


**CERTIFICATION**

    I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, this 11th day of DECEMBER, 2006 to the following counsel of record:

**COUNSEL FOR PLAINTIFF**
THOMAS C. THORNBERRY
THORNBERRY & FORMAN
333 MAIN STREET
STRATFORD, CT. 06614

/s/_____
Jeanine M. Dumont


**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

9